

1 | BRIAN J. STRETCH (CABN 163973)
United States Attorney

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. CR 14-00245 BLF |
|---|---|
| Plaintiff, | ) VIOLATIONS: 18 U.S.C. § 1030(a)(5)(A) – Intentional Transmission Causing Damage to a Protected Computer; 18 U.S.C. § 1030(a)(5)(B) – Intentional Access to a Protected Computer Recklessly Causing Damage; 18 U.S.C. § 1028A – Aggravated Identity Theft; 18 U.S.C. §§ 1030(i) and (j) – Forfeiture. |
| v. | |
| KENNETH KEZEOR, | |
| Defendant. | |
|  | ) SAN JOSE VENUE |

## SUPERSEDING INDICTMENT

At all times relevant to this Indictment:

   1.   Defendant, KENNETH KEZEOR ("KEZEOR"), was an individual residing in Santa Cruz County, California.

   2.   Agilent Technologies was a company based in Santa Clara, California, that made scientific instruments, including oscilloscopes, chromatographs and nuclear magnetic resonance (NMR) spectrometers.

   3.   Varian, Inc., was a manufacturer of medical devices and software for treating cancer and other medical conditions with radiotherapy, radiosurgery, proton therapy, and brachytherapy. In 2010, Agilent acquired Varian.

SUPERSEDING INDICTMENT

1    4.   KEZEOR was employed by Varian and Agilent from approximately May 13, 1997,
2  through approximately October 31, 2012. KEZEOR worked for Varian and Agilent at locations in the
3  Northern District of California.
4    5.   AskTac was a computing application run by Varian and Agilent on a server connected to
5  the Internet and located in Colorado Springs, Colorado. AskTac managed service support requests for
6  customers of Varian's, and later Agilent's, NMR products. AskTac consisted of a large database that
7  contained records of each customer's request. AskTac also contained a "knowledge base" that customers
8  accessed to learn more about Varian and Agilent products. AskTac had a web interface that was used by
9  customers and Varian/Agilent support personnel to log in for access. Customers then created "tickets,"
10 that is, support requests, that Varian/Agilent support personnel accessed and administered from the web
11 interface as well. AskTac also had an administrative backend that provided access to the database for
12 admin users but was not available to customers or regular support personnel.
13   6.   Varian and Agilent employees were assigned individual AskTac accounts, which they
14 accessed with a unique user name and password.
15   7.   D.M. was employed as an Engineering Manager at Varian and Agilent. D.M. had an
16 AskTac account, which was controlled by a user name and password.
17 COUNT ONE: (18 U.S.C. § 1030(a)(5)(A) – Intentional Transmission of Information, Code, or
18 Command Causing Damage to a Protected Computer)
19   8.   The factual allegations contained in Paragraphs One through Seven are realleged and
20 incorporated herein.
21   9.   Starting on or about November 13, 2012, and continuing through on or about March 4,
22 2013, in the Northern District of California and elsewhere, the defendant,
23                                KENNETH KEZEOR,
24 knowingly caused the transmission of a program, information, code, and command, and, as a result of
25 such conduct, intentionally caused damage without authorization to a protected computer; that is,
26 KEZEOR knowingly transmitted a program, information, code, and command to the AskTac server and
27 thereby caused damage without authorization, and the offense caused loss to a person during a one year
28 period from the defendant's course of conduct affecting a protected computer aggregating at least

SUPERSEDING INDICTMENT

$5,000 in value.

All in violation of Title 18, United States Code, Sections 1030(a)(5)(A) and (c)(4)(B)(i).

COUNT TWO: (18 U.S.C. § 1030(a)(5)(B) – Intentional Access to a Protected Computer Recklessly Causing Damage)

10. The factual allegations contained in Paragraphs One through Seven are realleged and incorporated herein.

11. Starting on or about November 13, 2012, and continuing through on or about March 4, 2013, in the Northern District of California and elsewhere, the defendant,

KENNETH KEZEOR,

intentionally accessed a protected computer without authorization, and as a result of such conduct, recklessly caused damage, that is, KEZEOR intentionally accessed the AskTac server without authorization and thereby recklessly caused damage, and the offense caused loss to a person during a one year period from the defendant's course of conduct affecting a protected computer aggregating at least $5,000 in value.

All in violation of Title 18, United States Code, Sections 1030(a)(5)(B) and 1030(c)(4)(A)(i).

COUNT THREE: (18 U.S.C. § 1028A – Aggravated Identity Theft)

12. The factual allegations contained in Paragraphs One through Seven are realleged and incorporated herein.

13. Starting on or about February 21, 2013, and continuing through on or about February 25, 2013, in the Northern District of California and elsewhere, the defendant,

KENNETH KEZEOR,

did knowingly possess and use, without lawful authority, a means of identification of another person, that is, the user name and password for the AskTac account of Agilent employee D.M., during and in relation to felony violations of Title 18, United States Code, Section 1030(a)(5)(A) and (a)(5)(B), all in violation of Title 18, United States Code, Section 1028A(a)(1).

FORFEITURE ALLEGATION: (18 U.S.C. § 1030(i) and (j))

14. The factual allegations contained in Counts One and Two are hereby realleged for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 1030(i) and (j).

SUPERSEDING INDICTMENT

3

15.     Upon conviction of the offenses in violation of Title 18, United States Code, Section 1030(a)(5) set forth in Counts One and Two of this Indictment, the defendant,

KENNETH KEZEOR,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 1030(i) and (j), any personal property used or intended to be used to commit or to facilitate the commission of said violation or a conspiracy to violate said provision, and any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses, including but not limited to, a sum of money equal to the total amount of proceeds defendant obtained or derived, directly or indirectly, from the violation.

16.     If any of the property described above, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;
    b.  has been transferred or sold to, or deposited with, a third party;
    c.  has been placed beyond the jurisdiction of the court;
    d.  has been substantially diminished in value; or
    e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21,

//

United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 1030(i)(2). All pursuant to Title 18 United States Code, Section 1030.

Dated: 28 Aug 2016

A TRUE BILL.

*[signature]*
FOREPERSON

BRIAN J. STRETCH
United States Attorney

*[signature]*

MATTHEW A. PARRELLA
Chief, CHIP Unit

(Approved as to form: *[signature]* )
AUSA M. KANE

SUPERSEDING INDICTMENT

5